liAMY, J.,
concurring in part, dissenting in part.
Although I agree with the majority regarding the trial court’s assessment of fault, I respectfully dissent from the majority’s decision to include an award for future medical expenses and increase the award for general damages. In my opinion, the trial court was free to exercise its *1135 wide discretion in determining which expert’s recommendations would form the basis of its decision, and did not commit manifest error in giving more weight to the opinion of Dr. Seale than to that of Dr. Henderson.
Although Dr. Henderson is a plastic surgeon and the other physicians who treated Taylor are general surgeons, the factfinder must determine which evidence is most credible when the testimony of expert witnesses differ. Taylor v. State, Through Dep’t of Transp. & Dev., 03-219 (La.App. 3 Cir. 6/23/04), 879 So.2d 307, writ denied, 04-1887 (La.10/29/04), 885 So.2d 595. If “a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 845 (La.1989).
In my opinion, the record indicates that Taylor met with Drs. Ledet and Seale at the Sulphur Surgical Clinic on a few occasions beginning approximately one month after her injury until her discharge on June 4, 2003. However, she met with Dr. Henderson on only one occasion, which was more than a year-and-a-half after her injury and approximately nine months after this suit had commenced. Although he | ^suggested that Taylor may need a scar revision surgery in the future, Dr. Henderson did not initiate any treatment or suggest any specific follow-up schedule for her in the formal report he sent to the plaintiffs attorney. Consequently, I believe that the trial court was not clearly wrong in according more weight to the opinion and recommendations of Dr. Seale, who is a specialist and a treating physician, than Dr. Henderson.
In addition to awarding the plaintiff $8,530.00 in future medical expenses for the scar revision surgery, the majority opinion also increases the general damage award from $7,500.00 to $12,500.00; to account for a six-month immobilization period following the surgery. Because I do not conclude that this court should reverse the trial court’s decision regarding future medical expenses, I do not believe that the trial court’s award of general damages should be disturbed. Accordingly, I respectfully dissent from the award of future medical expenses and the increase in the general damage award.